**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ADAM BANOTAI,** | : **CIVIL ACTION** |
| **Plaintiff,** | : |
| | : **No.** |
| **v.** | : |
| | : |
| | : |
| **LEHIGH VALLEY HEALTH NETWORK,** | : |
| **Defendant.** | : **JURY TRIAL DEMANDED** |

**COMPLAINT**

## I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Adam Banotai (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant Lehigh Valley Health Network (hereinafter "LVHN"), who has been harmed by disability discrimination as well as other improper conduct by LVHN and its agents, servants, and representatives.

This action is brought under the Americans with Disabilities Act (ADA), and the Pennsylvania Human Relations Act. (PHRA).

## II. JURISDICTION AND VENUE

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §12102, 29 U.S.C. 621, 28 U.S.C. §1331, 1332 and 1391, 2201, 2202, 1343 and the claim is substantively based on the Americans with Disabilities Act, 42 U.S.C. §12102, *et seq*...

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human

Relations Act.

3. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Allentown, Lehigh County, Pennsylvania.

4. All conditions precedent to the institution of this suit have been fulfilled. As to the Federal ADA claims, Plaintiff has invoked the procedure set forth in the ADA and has received a Notice of Right to Sue as required. On August 4, 2025, Plaintiff filed a Charge of Discrimination with the EEOC against LVHN, alleging, *inter alia* disability-based employment discrimination, which was cross-filed with the Pennsylvania Human Relations Commission pursuant to the work-sharing agreement between the two agencies.

5. On June 1, 2026, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7. More than one year has elapsed since the filing of this action with the Pennsylvania Human Relations Commission.

## III. <u>PARTIES</u>

8. Plaintiff, Adam Banotai, is an adult male citizen and resident of the Commonwealth of Pennsylvania.

9. Lehigh Valley Health Network is a citizen of the Commonwealth of Pennsylvania, and organized under the laws of the State of Pennsylvania and having its principal place of business in Allentown, Lehigh County, Pennsylvania.

10. At all times relevant herein, Plaintiff was an “employee” as defined by the ADA and the PHRA, and is protected by the provisions of the Acts.

11. At all times relevant herein, LVHN was an “employer” as defined by the ADA and the PHRA, and is subject to the provisions of the Acts.

12. At all times relevant hereto, LVHN acted by and/or failed to act by and through the conduct of its officers, managers, agents, and employees, all acting within the scope and course of their employment.

13. At all times material hereto, LVHN employed more than fifteen employees.

## IV. CAUSES OF ACTION

14. Plaintiff is a qualified person with a disability who is protected from disability-based discrimination and retaliation under the ADA and PHRA.

15. At all times material hereto, Plaintiff was employed by Defendant, LVHN as a Registered Nurse.

16. Plaintiffis a qualified person with a disability caused by serious combat connected medical condition because of his service in the United States Marine Corp during the Second Iraq War, when on Patrol, he was in close proxity to the main weapon on a armored vehicle when it was discaharged.

17. As a result of this injury, Plaintiff is significantly impaired in major life activities including but not limited to thinking, reasoning, and processing information.

18. This condition is permanent.

19. Plaintiffhas been determined by the Department of Veteran Affairs as being 100% disabled.

20. Nonetheless, Plaintiffcompleted his nursing education and has worked as an RN for the last fifteen years, later earning his BSN and MSN.

21. In addition to clinical work in various hospitals in the area, he was also

employed as a Lecturer and Clinical Instructor at Lehigh Carbon Community College (LCCC).

22. Notwithstanding his medical condition, Plaintiff was fully able to perform all of the duties of his position with or without reasonable accommodation.

23. At all relevant times in his employment, Plaintiff had always received good reviews and performance evaluations.

24. On April 20, 2025 (Easter Sunday), Plaintiff was transported to Defendant's Emergency Department after he suffered an acute mental health incident at home, and was involuntarily transported by a Cetronia Ambulance to LVHN.

25. The onset of the incident was directly connected to Plaintiff's service connected injury and disabling condition.

26. Plaintiffdid not choose LVHN and was not present that day in connection with his employment.

27. Once there, Plaintiff agreed to be voluntarily admitted under Section 201 of the Mental Health Procedures Act.

28. However, Defendant could not admit him as an in-patient, and he was forced to wait until an appropriate transfer could be arranged.

29. Although Plaintiff believes that he was at all times calm and cooperative, Defendant's records of his affect state otherwise.

30. According to the records maintained by Defendant, Plaintiff made some remarks that were not only out of character, but also involuntary.

31. In fact, Defendant's records indicate that Plaintiff was incoherent at the time.

32. An ER staff person approached him and advised that he was going to administer Ketamine.

33. Because of Plaintiff's medical training, he was aware of the effects of Ketamine, and objected.

34. The provider indicated that he had no choice, and called upon other hospital employees to restrain Plaintiff.

35. Plaintiff was eventually transferred and admitted to a facility in Reading, where he was treated and eventually discharged.

36. His employment with LVHN was thereafter terminated solely on the basis of the events in the ER on April 20 and therefore as a direct result of the symptoms of his disabling condition.

37. According to information actually known to and considered by the Defendant's decisionmakers, Defendant clearly knew that Plaintiff had a disabling physical and mental health condition and was there as a patient because of an acute episode.

38. LVHN based its adverse employment action on Plaintiff's disabling condition, and only on the manifestation of that condition.

39. Thereafter, Plaintiff, acting through counsel, made the ultimate decision-maker, Defendant's Vice President and Associate General Counsel, aware of the connection between the events of April 20 and the service connected disability, and consented to the release of medical records for his reconsideration of the discriminatory termination decision.

40. The ultimate decision-maker has testified that he did not consider the

circumstances, not review the medical records, and that he did not care about the reason that Plaintiff made the statements for which he was terminated.

41. Because he was terminated by LVHN, Plaintiff was no longer permitted on LVHN's premises, and was unable to perform the duties of clinical faculty for LCCC, which would have been performed at Lehigh Valley Hospital.

42. He was therefore terminated by LCCC.

43. Plaintiff has suffered severe emotional distress, loss of back pay, front pay, and compensatory damages, as well as incurred attorney's fees and costs.

44. LVHN was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

45. As a direct result of the actions of LVHN's supervisory employees, including the ultimate decision-maker, Plaintiff was deprived of his employment with LVHN and as a consequence, LCCC.

46. As a direct result of LVHN's conduct, Plaintiff has been irrevocably damaged.

47. As a direct result of LVHN 's conduct, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

48. As a direct result of LVHN's conduct, Plaintiff's career, professional, and job opportunities have been impaired and damaged and he has suffered a loss of earnings and earning capacity.

**COUNT I**
**PLAINTIFF v. LVHN**
**VIOLATION OF THE ADA – TITLE I**

49. Paragraphs 1 through 49 inclusive, are incorporated by reference as if fully set forth at length herein.

50. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to, termination solely because of the manifestation of the symptoms of his service connected disability on April 20, 2025.

51. Defendant, acting through the supervisory employees, treated Plaintiff in a disparate manner because of his disabling medical condition.

52. As a direct result of Defendant's willful and unlawful actions in aiding and abetting in the discrimination and retaliation set forth herein, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**COUNT II**
**PLAINTIFF v. DEFENDANT**
**VIOLATION OF THE PHRA**

53. Paragraphs 1 through 52 inclusive, are incorporated by reference as if fully set forth at length herein.

54. The said unlawful practices for which Defendant is liable to Plaintiff include, but are not limited to terminating Plaintiff's employment based solely on the manifestation of the service connected medical condition in an setting , which as set forth above, constitutes a disability or handicap for the purposes of the PHRA.

55. As a direct result of Defendants' willful and unlawful actions, Plaintiff has

sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## V. PRAYER FOR RELIEF

56. Paragraphs 1 through 55 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff respectfully requests the Court to:

a. Exercise jurisdiction over his claims;

b. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

c. Award compensatory damages, including but not limited to reimbursement of all medical and psychological expenses; back pay and future earnings and loss of earning capacity in the amount of wages and benefits; damages for Plaintiff's mental, psychological, and emotional injuries, anguish, humiliation, anxiety, physical and mental pain, and suffering and loss of life's pleasures, all of which may be permanent, together with interest, resulting from LVHN's discriminatory and unlawful conduct;

d. Reinstate Plaintiff to his former position together with back pay and compensatory damages;

e. Award punitive and/or liquidated damages as may be permitted under law;

f. Award Plaintiff attorneys' fees and costs; and

g. Grant such other relief, as the Court deems just and equitable.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

HAHALIS & KOUNOUPIS, P.C.

By:/s/ *David L. Deratzian*
DAVID L. DERATZIAN, ESQUIRE
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff

Date: August 18, 2026